CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 22, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARELL TYRONE CRUTCHFIELD, ) | |
| Plaintiff, ) | Civil Action Nos. 7:23-cv-00427 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| WARDEN JEFFREY ARTRIP, *et al.*, ) | Chief United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marell Tyrone Crutchfield, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging claims for retaliation and deliberate indifference. (Compl., Dkt. No. 1.) Plaintiff sued Warden Jeffrey Artrip and Unit Manager Gibson. Before the court is Artrip's motion to dismiss for failure to state a claim. (Dkt. No. 18.)[1] This motion will be granted.

At the time of the incident alleged in plaintiff's complaint, Crutchfield was housed at Wallens Ridge State Prison, and Artrip was the Warden. Plaintiff appears to allege two claims in his complaint. First, he alleges that "correctional officers working D-100 RHU allowed an inmate to attack me while I was in full restraints on July 6, 2023 in D-100 pod at or around 8 am to 9:30 am." (Compl. 2.) He states that officers allowed inmates to escape their restraints to attack him. (*Id.* at 3.) He alleges that he was "warned by CO Evans that he wouldn't make another round and I will be sorry that he didn't!" (*Id.*) In his second claim, plaintiff alleges that he was threatened after asking for video footage to be saved and for forms to be provided to him. (*Id.* at 2.) No forms were given to him and "I'm being told if I 'keep running my mouth' something else will happen to me!" (*Id.*) Crutchfield alleges that Gibson told him that he does

---

[1] Gibson filed a motion for summary judgment (Dkt. No. 25), which will be addressed separately.

not have "a reliable source to confirm why I was assaulted?" (*Id.* at 3.) Plaintiff requests damages for emotional distress and physical injury, and he also asks to not be housed where there are family members of the staff that allowed him to be assaulted. (*Id.*)

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

Crutchfield has failed to plausibly allege that Artrip was personally involved in the assault or the retaliation that occurred subsequently. Artrip cannot be liable simply because he was warden of the facility. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Neither does plaintiff plausibly allege that Artrip can be liable based on supervisory liability, which is premised upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984). Plaintiff must allege facts establishing, if proven, (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

In his response to the motion to dismiss, plaintiff argues that Artrip should be liable because similar assaults have gone unaddressed, and Artrip neglected to provide the necessary oversight to prevent these types of incidents. (Dkt. No. 22.) These arguments do not remedy the deficiencies in plaintiff's allegations; plaintiff cannot amend his complaint in his brief. *See So. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Further, these arguments do not suggest Artrip's personal involvement or

the type of actual or constructive knowledge that would be sufficient to establish supervisory liability.

For these reasons, it is HEREBY ORDERED that Artrip's motion to dismiss (Dkt. No. 18) is GRANTED, and plaintiff's claims against Artrip are DISMISSED without prejudice.

The Clerk is directed to transmit a copy of this order to plaintiff and to all counsel of record.

Entered: August 22, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge